The Honorable Denny Sumpter State Representative Post Office Box 5158 West Memphis, Arkansas 72303-5158
Dear Representative Sumpter:
I am writing in response to your request for an opinion on the following two questions:
 1. Since the City of West Memphis created Redevelopment District No. 1 and approved the project plan prior to the effective date of the 2005 amendment to Ark. Const. amend. 78, may the City continue with the proposed financing and issue bonds without complying with the additional requirements set forth in the 2005 amendment?
 2. Would the answer to question one be the same should the city find it necessary or desirable to revise the project plan for the purpose of updating project costs, updating millage information, updating projections of TIF revenues, updating bond issuance costs, and similar details?
You have recited the following background information giving rise to these questions:
 Amendment 78 to the Arkansas Constitution, which became effective January 1, 2001, authorizes tax increment financing as a method to finance a "redevelopment project" defined in Amendment 78 as "an undertaking for eliminating, or preventing the develop[ment] or spread of, slums or blighted, deteriorated, or deteriorating areas, for discouraging the loss of commerce, industry, or employment, or for increasing employment, or any combination thereof, as many [sic: "may"] be defined by the General Assembly." The General Assembly implemented Amendment 78 with the passage of Act No. 1197 of 2001 (the "Original Act"), codified as Ark. Code Title 14, Chapter 168, Subchapter 3.
 Pursuant to Amendment 78 and the Original Act, the City created the District by Ordinance No. 2096 adopted June 24, 2004 as amended by Ordinance No. 2109 adopted December 2, 2004 (the "Authorizing Ordinance"). The District was created by the City for purpose of financing various infrastructure improvements for an industrial project to be located in the Clement-Norfleet Industrial Park in West Memphis, as set forth in an Amended Restated Project Plan (the" Project Plan") approved by the Authorizing Ordinance. The City Council, in the Authorizing Ordinance, found and determined that the real property with[in] the District will be benefited by discouraging the loss of commerce, industry, or employment and increasing employment.
 Subsequent to the creation of the District and approval of the Project Plan, the Original Act was amended by the passage of Act No. 2231 of 2005 (the "2005 Amendment"). The 2005 Amendment amended the Original Act to provide, among other things, that the local governing body shall not approve an ordinance creating a redevelopment district unless it determines that the boundaries of the proposed district are in a blighted area that includes the presence of at least one of the four listed factors [Ark. Code § 14-168-305(d)]. The 2005 Amendment additionally requires that each project plan include an economic analysis submitted for review to the Arkansas Department of Economic Development [Ark. Code § 14-168-305(b)).
 The City is ready to proceed with the proposed financing and issue its bounds [sic: "bonds"] in furtherance thereof.
RESPONSE
I regret to say that I cannot answer your questions, which turn on a determination of whether Act 2231 of 2005 is retroactive. That issue was recently litigated in a case styled City ofFayetteville v. Washington County, Arkansas, et al., Washington County Circuit Court Case No. CV 2005-559-2, in which the court, by Order file-marked February 24, 2006, held that Act 2231 is not to be retroactively applied. That ruling is currently the subject of a not-yet-docketed appeal.
In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are pending in the courts. Accordingly, I must decline to opine on your questions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh